UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND


IVANNA MCBRIDE,                                                                    1/16/26

Plaintiff,


v.


CAPITAL ONE AUTO FINANCE,

a division and/or trade name of CAPITAL ONE, N.A.,

Defendant.

**RECEIVED**

Civil Action No. 1:25-cv-00646-MSM-PAS

FEB 04 2026

**U.S. DISTRICT COURT**
**DISTRICT OF R.I.**

FIRST AMENDED COMPLAINT


Plaintiff Ivanna McBride ("Plaintiff"), proceeding pro se, alleges as follows:


I. JURISDICTION AND VENUE


1. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391 because Plaintiff resides in this District and Defendant regularly conducts business here.


II. PARTIES

4. Plaintiff Ivanna McBride is a natural person and consumer residing in Woonsocket, Rhode Island.

5. Defendant Capital One Auto Finance ("Capital One" or "Defendant") is a furnisher of information to consumer reporting agencies and is a division and/or trade name of Capital One, N.A., within the meaning of 15 U.S.C. §1681s-2.

III. FACTUAL ALLEGATIONS

A. The Account and Credit Reporting

6. Capital One furnished consumer credit information regarding an automobile loan account associated with Plaintiff to Experian, Equifax, and TransUnion.

7. Capital One reported the Account as a secured auto loan and later as an "open, charge off" account with a past due balance.

8. These representations were used by consumer reporting agencies and by third party credit users in evaluating Plaintiff's creditworthiness.

B. Plaintiff's Disputes and Statutory Notice

9. In or about March through August 2025, Plaintiff submitted written disputes to Capital One, Experian, Equifax, and TransUnion challenging the accuracy and completeness of Capital One's reporting.

10. Plaintiff specifically disputed Capital One's continued reporting of the Account as secured and lien based.

11. Upon information and belief, Experian, Equifax, and TransUnion transmitted Plaintiff's disputes to Capital One through the automated dispute verification system (ACDV/e-OSCAR), triggering Capital One's duties under 15 U.S.C. §1681s-2(b).

12. Despite receiving notice of Plaintiff's disputes, Capital One continued furnishing the disputed information in the same secured and lien based form in subsequent reporting cycles.

C. Failure of Lien Perfection and Materially Misleading Reporting

13. Capital One reported the Account as secured by a motor vehicle and as a lien based charge off.

14. At no time did Capital One perfect a lien on the vehicle associated with the Account, nor did Capital One possess lawful title to the vehicle, as reflected by the absence of any lien in available title and lien

records and Defendant's failure to produce documentation supporting lien perfection.

15. The existence or absence of a perfected lien is an objectively verifiable fact ascertainable through title and lien documentation and does not require adjudication of state law rights.

16. Plaintiff does not ask this Court to adjudicate title ownership or lien validity; the dispute concerns whether Defendant reasonably verified credit reporting that depends on an objectively verifiable fact—namely, the presence or absence of lien or title documentation.

17. Credit reporting agencies and credit users reasonably interpret "secured," "lien," and "charge off" designations as reflecting an enforceable and perfected security interest.

18. Reporting a loan as secured or lien based when no perfected lien exists is materially misleading to users of consumer credit reports.

19. The secured and lien based reporting increased the severity of the derogatory tradeline and adversely affected Plaintiff's creditworthiness compared to an unsecured delinquent account.

D. Capital One's Unreasonable Post Notice Investigation

20. After receiving notice of Plaintiff's disputes, Capital One undertook what it characterized as an investigation.

21. Despite the dispute specifically identifying lien and secured status issues, Capital One verified the tradeline without consulting title or lien records or obtaining documentation supporting a perfected lien.

22. Capital One relied on internal records and general reporting practices and verified the disputed information as accurate.

23. Verifying disputed information dependent on the existence of a perfected security interest without confirming such lien constitutes an unreasonable investigation under 15 U.S.C. §1681s-2(b).

24. Capital One continued reporting the Account as a secured, lien-based charge off following its purported investigation.

E. Concrete Harm to Plaintiff

25. Plaintiff experienced credit score suppression during a mortgage qualification period, impairing

access to favorable loan terms and increasing the cost of credit.

26. Plaintiff suffered emotional distress, frustration, and anxiety due to Defendant's continued verification of materially misleading reporting.

IV. CLAIM FOR RELIEF – FCRA §1681s-2(b)

27. Capital One received notice of Plaintiff's disputes from consumer reporting agencies.

28. Capital One failed to conduct a reasonable investigation by verifying disputed information dependent on lien perfection without confirming such lien existed.

29. Capital One's conduct was negligent and/or willful, entitling Plaintiff to relief under 15 U.S.C.§§1681n and 1681o.

V. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in her favor and award actual damages, statutory and punitive damages as permitted by law, costs of suit, declaratory relief, and such other relief as the Court deems just and proper.

VI. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Ivanna McBride

Plaintiff, Pro Se