# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| IVANNA McBRIDE, | ) )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| CAPITAL ONE AUTO FINANCE, INC., | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

C.A. No. 1:25-cv-00646-MSM-PAS

## ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the Motion to Dismiss of defendant Capital One Auto Finance, a division of Capital One, N.A. ("Capital One"), filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 9.) Plaintiff Ivanna McBride's Amended Complaint, (ECF No. 11), alleges Capital One's investigation of information she disputed as inaccurate violated the Federal Credit Reporting Act ("FCRA"). For the following reasons, the Motion to Dismiss with prejudice is GRANTED.

## I.    BACKGROUND

On or about October 21, 2021, Ms. McBride entered into an agreement ("the Agreement") with Capital One to refinance her vehicle. The Agreement provided Capital One with a security interest in the vehicle and included a provision requiring a borrower to note Capital One's lien on the vehicle's title. (ECF No. 10-2.) Ms.

1

McBride did not note Capital One's lien on the title and did not meet the payment terms of the Agreement, resulting in default and her account being "charged off."[1] (ECF No. 11 ¶ 7.) Ms. McBride's charged off account was reported to credit reporting agencies ("CRAs") Experian, Equifax, and TransUnion. Ms. McBride now alleges that Capital One's reporting of her credit is inaccurate and that its failure to correct the alleged inaccuracy, following an investigation of her dispute, violated the FCRA.

## II.    STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must set forth a "plausible claim." That means the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). The reviewing court must assume the truth of all "well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Thomas v. Rhode Island*, 542 F.3d 944, 948 (1st Cir. 2008). The allegations of a *pro se* litigant are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

---

[1] The term "charge-off" used in this context means a creditor has given up on collecting an unpaid balance and it has written off the debt as a loss.

### III.    DISCUSSION

#### A. FCRA § 1681s-2(b):  Capital One's Duty to Conduct a Reasonable Investigation

"The FCRA is intended to protect consumers against the compilation and dissemination of inaccurate credit information."  *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008) (emphasis omitted).  Subsection 1681s-2(b) imposes duties on CRAs and furnishers of information (such as Capital One) when a consumer disputes information to a CRA.[2]

When a plaintiff believes that a furnisher has provided inaccurate information to CRAs, the consumer may submit a dispute to the CRA, which is forwarded to the furnisher and imposes an obligation upon the furnisher to reasonably investigate the accuracy or completeness of the disputed information in the consumer's credit report. *Chiang v. Verizon New Eng., Inc.*, 595 F.3d 26, 35 (1st Cir. 2010).  This duty to investigate arises only after the furnisher receives notice of a dispute from a CRA. Notice of a dispute received directly from the consumer does not trigger a furnisher's duties under subsection (b).  *Id.*  Here, the Plaintiff has plausibly alleged she submitted disputes to CRAs and thus triggered Capital One's investigation obligations.

Ms. McBride alleges that the investigation conducted was unreasonable because it confirmed the information she disputed.  (ECF No. 11 ¶ 12.)  To state a

---

[2] Consumer credit reporting agencies maintain information "bearing on a consumer's credit worthiness, credit standing, or credit capacity."  15 U.S.C.A. § 1681a(p).

claim under 15 U.S.C. § 1681s-2(b), a plaintiff must plausibly allege that once notified of a dispute by the CRA, the furnisher (here Capital One) failed to conduct an objectively reasonable investigation into the accuracy of the disputed information, in light of the information provided to it by the CRA. *See Catanzaro v. Experian Info. Sols., Inc.*, 671 F. Supp. 2d 256, 259 (D. Mass. 2009); *Chiang*, 595 F.3d 26 at 37. "[W]hat is a reasonable investigation by a furnisher may vary depending on the circumstances" but may include reviewing "all relevant information" provided to it by a CRA. *Chiang*, 595 F.3d 26 at 38.

To state a claim for an unreasonable investigation, there must be a plausible inaccuracy. *See Chiang*, 595 F.3d at 38. Further, "the mere reporting of inaccurate information, although prohibited, does not give rise to a private cause of action under the FCRA." *Hernandez v. Wells Fargo Bank, N.A.*, No. 13-CV-13047-ADB, 2015 WL 4480839, at *5 (D. Mass. July 22, 2015). The inaccuracy must be one the FCRA covers.

First, the inaccuracy alleged must be a "*factual* inaccuracy, rather than the existence of disputed legal questions." *Chiang*, 595 F.3d at 38 (emphasis in the original); *see also DeAndrade v. Trans Union LLC*, 523 F.3d 61, 66 (1st Cir. 2008). "Like CRAs, furnishers are neither qualified nor obligated to resolve matters that turn on questions that can only be resolved by a court of law." *Chiang*, 595 F.3d at 38 (citation modified). Without a *factual* inaccuracy in the disputed credit reporting, a plaintiff's claim that the furnisher's investigation was objectively unreasonable "fails as a matter of law." *Id.* at 37.

4

Second, the First Circuit specifies that factual information concerning a debtor's credit may be inaccurate: (1) if it is "patently incorrect" or (2) if it is "incomplete" such that it creates a materially misleading impression that adversely affects credit decisions. *Id.* at 36–37; *McIntyre v. RentGrow, Inc.,* 34 F.4th 87, 97 (1st Cir. 2022) (quoting *Sepulvado v. CSC Credit Servs., Inc.,* 158 F.3d 890, 895 (5th Cir. 1998)); *see also Sullivan v. Experian Info. Sols.,* No. 16-11719-MLW, 2020 U.S. Dist. LEXIS 192285, at *7–9 (D. Mass. Oct. 16, 2020).

The Court begins by interpreting what information Ms. McBride disputed and then analyzes whether the inaccuracy she alleges is factual and if so whether it is an inaccuracy covered by the FCRA.

## B.  The Disputed Information Concerning Ms. McBride's Car Loan

Ms. McBride alleges that Capital One reported her debt as a "secured auto loan" and later as an "'open, charge off' account with a past due balance" to CRAs. (ECF No. 11¶¶ 7–8.)   She alleges that she "specifically disputed Capital One's continued reporting of the Account as secured and lien based" but was later inconsistent in her description of the alleged inaccuracy citing both the reporting of the loan as secured and lien based and as "charged off." *See* ECF No. 11 ¶¶ 10, 13, 17, 24. Yet whether or not a security interest is perfected and any  documents related to the lien, do not appear on a debtor's credit report. *See* Ben Luthi, *Tax Liens Are No Longer a Part of Credit Reports,* EXPERIAN (Oct. 30, 2023), https://perma.cc/Z9YV-J4VM; Tim Maxwell, *What is a Lien and How Does it Work?,* EXPERIAN (Oct. 1, 2025), https://perma.cc/X3TV-FBL2.   The credit reporting includes payment history and

balance.  It is unclear then what relevant information Ms. McBride disputed to the CRA, including whether she disputed Capitol One's reporting of her account as an "'open, charge off' account with a past due balance" or whether she disputed it as being "secured and lien based."  The distinction may be subtle, but its relevance to what the Plaintiff has plausibly alleged becomes more apparent further along in the analysis.

Ms. McBride's first possible dispute about the information that was submitted to the CRAs concerns whether reporting her account as charged off was incorrect and the second dispute concerns whether Capital One's reporting on its security interest was incorrect.  If Ms. McBride disputed Capital One's reporting of her account as charged off, her response to this motion concedes that no inaccuracy exists.  The Plaintiff does not claim that Capital One's reporting on the fact of the existence of the debt, the missed payments, or the account as "charged off" was inaccurate.  Thus, Capital One's confirmation that the account was charged off after an investigation could not be inaccurate or unreasonable.

Ms. McBride's second possible dispute with the CRAs is the focus of her complaint and briefing.  She points to Capital One's "[r]eporting [of] a loan as secured when no perfected lien exists" as the "materially misleading inaccuracy."  (ECF No. 16-1 at 3.)[3]  Ms. McBride believes that because she never recorded Capital One's lien on the vehicle's title, there is an "absence of any lien in available title and lien

---

[3] The Court cites to ECF No. 16-1, which was attached to Capital One's Reply brief, when citing Ms. McBride's response as the Plaintiff omitted a page of her brief when she submitted it to the Court.  *See* ECF No. 12.

records." (ECF No. 11 ¶ 14.) Therefore, she argues that Capital One does not have a perfected lien and reporting that a perfected security interest existed was inaccurate. At the same time, in response to Capital One's characterization of her argument as a legal question; whether "refusal to record the lien on her title makes her debt invalid," (ECF No. 9-1 at 13), she "expressly disclaims any request that the Court adjudicate" the validity of Capital One's lien or title ownership. (ECF No. 16-1 at 4.) This contradicts the assertion that forms the basis of this alleged inaccuracy, namely that "[a]t no time did Capital One perfect a lien on the vehicle associated with the Account, nor did Capital One possess lawful title to the vehicle." (ECF No. 11 ¶ 14.) Instead, she offers that perfection is "an objectively verifiable fact." (ECF No.16-1 at 4.)

Whether a "lien has been perfected" is a matter of state law. *See United States v. Brynes*, 848 F. Supp. 1096, 1098 (D.R.I. 1994); R.I. Gen. Laws § 31-3.1-1; R.I. Gen. Laws § 31-3.1-20. The FCRA does not empower this Court to determine whether Capital One's lien is perfected in accordance with state law and the Plaintiff has not asked the Court to do so here. Even if the Court were to take several inferential leaps with the Plaintiff—including that (1) Capital One's lien and perfection status were on her credit report; (2) she properly disputed the reporting of her loan as secured by a lien to the CRA; (3) that her dispute is factual rather than legal; and (4) that the information was inaccurate—her claim must fail because subsection 1681s-2(b) does not cover the dispute she raises.

7

### C. Capital One's Perfection as Inaccurate Information Under § 1681s-2(b)

Ms. McBride alleges that the "factual information" confirmed by Capital One is materially misleading, rather than patently incorrect. However, she does not and cannot plausibly allege that Capital One's reporting on the perfection of the lien constitutes misleading factual information "that could materially alter how the reported debt is understood." *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009); *see also Ortez v. RentGrow, Inc.*, No. CV 24-10376-FDS, 2024 WL 4349252, at *3 (D. Mass. Sept. 30, 2024) ("An entry is 'materially misleading' if the mistaken impression it creates 'could be expected to adversely affect credit decisions,' such as the decision to lease an apartment.") (quoting *McIntyre*, 34 F.4th at 97).

A perfected security interest is "[a] security interest that complies with the statutory requirements for achieving priority over . . . unperfected interests." *Perfected Security Interest*, BLACK'S LAW DICTIONARY (12th ed. 2024). In simple terms, perfection status is relevant to which creditor's security interest is first in line, such as in the event of bankruptcy. Whether the security interest is perfected as a matter of law and whether the creditor is first in line do not change a debtor's credit score. Rather, it is the repayment of or default on the underlying loan that alters a debtor's credit score. The FCRA governs the accurate factual reporting of a consumer's compliance or non-compliance with terms of credit, not the security interests of creditors. *See Chiang*, 595 F.3d 26 at 35.

8

It follows that Capital One's perfection of the lien on Ms. McBride's vehicle is not "material information" whose inaccuracy adversely affects credit decisions and thus it cannot be materially misleading under the FCRA. *Compare Vitalis v. cPort Credit Union*, No. 2:25-CV-00217-LEW, 2026 WL 207156, at *7 (D. Me. Jan. 27, 2026) (finding that a report could not contain a factual inaccuracy under the FCRA where the alleged inaccuracy would not affect the plaintiff's credit score) *with Chaitoff v. Experian Info. Sols.*, Inc., 79 F.4th 800, 813–14 (7th Cir. 2023) (finding omission of report by CRA to be material because it affected perception of debtor to "make timely and complete payments."). As to these facts, the Plaintiff asserts that she does not dispute the accuracy of Capital One's reporting of her non-compliance with the terms of credit or that her account was charged off. (ECF No. 16-1 at 4.) Without a showing of factually inaccurate information covered by the FCRA, Ms. McBride's claim that Capital One's investigation was unreasonable fails. As Ms. McBride has not alleged a factual inaccuracy that is materially misleading under the FCRA, she has not sufficiently pled that Capital One failed to complete an objectively reasonable investigation under § 1681s-2(b).

Finally, Ms. McBride argues that "if the Court were to find any pleading deficiency" then leave to amend should be granted. While courts liberally grant motions to amend complaints, "when it would be futile to allow a complaint to be amended because the new assertions would fail to withstand a motion to dismiss, leave to amend should be denied." *Moore v. Eli Lilly & Co.*, 626 F. Supp. 365, 366 (D. Mass. 1986) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A second amended

9

complaint could not sufficiently cure the deficiencies necessary to sustain the Plaintiff's FCRA claim. Therefore, leave to amend is DENIED.

## IV.    CONCLUSION

For the foregoing reasons, Capital One's Motion to Dismiss (ECF No. 9) is GRANTED in its entirety.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge

June 1, 2026

10